IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STACY B.,[1]                                                1:19-cv-01356-BR

       Plaintiff,                      OPINION AND ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

       Defendant.

BROWN, Senior Judge.

    This matter comes before the Court on Plaintiff Stacy B.'s Motion (#22) for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b). For the reasons that follow, the Court **GRANTS** Plaintiff's Motion and awards attorneys' fees to Plaintiff in the amount of $8,617,65 less an administrative assessment.

## BACKGROUND

    On August 26, 2019, Plaintiff filed a Complaint in this

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

Court in which she sought judicial review of a final decision of the Commissioner of the Social Security Commission denying Plaintiff's applications for disability insurance benefits (DIB) and supplemental security income payments (SSI) under Titles II and XVI of the Social Security Act.

On July 7, 2020, this Court issued an Order and Judgment reversing the Commissioner's decision and remanding the matter for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

On September 3, 2020, Plaintiff filed a Stipulated Application for Attorneys' Fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the amount of $6,034.35. On September 8, 2020, the Court entered an Order granting Plaintiff's Application and awarding Plaintiff EAJA fees in the amount of $6,034.35.

On June 7, 2021, the Social Security Administration (SSA) sent a copy of Plaintiff's Notice of Award to Plaintiff's "hearing attorney," Brian Green.

On November 4, 2021, Plaintiff filed a Motion for Approval of Attorney Fees pursuant to 42 U.S.C. § 406(b) in which she seeks $8,617.65 in additional attorneys' fees pursuant to a contingent-fee agreement for work that Plaintiff's federal counsel, John Haapala, Jr., performed in this matter before this Court. Defendant does not oppose the amount of attorneys' fees

2 - OPINION AND ORDER

sought, but opposes an award of attorneys' fees on the ground that Haapala unduly delayed his request for fees and the delay "likely prejudiced" Plaintiff. Def.'s Resp. at 2.

## DISCUSSION

Local Rule 4000-8 provides in pertinent part:

> Plaintiff shall submit any application for attorneys' fees under 42 U.S.C. § 406(b) within 60 days after plaintiff's federal court attorney has received all of the Notices of Award which are necessary to calculate the total amount of retroactive benefits payable. An application submitted beyond the 60-day period will be deemed timely only upon a showing of good cause for the delay.

As noted, the SSA sent a copy of the Notice of Award to Green, Plaintiff's administrative attorney, on June 7, 2021. Plaintiff, however, did not file his Motion for Approval of Attorney Fees until November 4, 2021. According to Defendant, therefore, Plaintiff's Motion is untimely. Haapala, however, explains in his Declaration that the SSA did not send him a copy of the Notice of Award in June 2021 and Haapala did not receive a copy of the Notice of Award until November 3, 2021. The SSA explained in an email to Haapala on November 3, 2021:

> [T]he module that worked this case . . . didn't see you as a linked attorney in our system and [saw] only the hearing attorney[, therefore,] they only sent a copy of the notice of award to the hearing attorney. . . .

Decl. of John Haapala at 1. As noted, the record reflects

3 - OPINION AND ORDER

Plaintiff moved for attorneys' fees one day after Haapala received the Notice of Award.

Defendant asserts Haapala fails to state that he provided a signed notice of representation to the SSA and, therefore, he fails to establish good cause for the delay in receiving the Notice of Award. Plaintiff explains in her Reply, however, that "a signed notice of representation before the agency (SSA Form 1696) is not necessary to represent a plaintiff in the United States District Court." Pl.'s Reply at 2. In addition, Defendant does not point to evidence that establishes Plaintiff suffered any prejudice from the delay.

On this record, therefore, the Court concludes Plaintiff has established good cause for failing to file her Motion within 60 days of June 7, 2021. Accordingly, the Court grants Plaintiff's Motion.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's Motion (#22) for Approval of Attorney Fees Pursuant to 42 U.S.C. § 406(b) in the amount of **$8,617.65** less an administrative assessment.

Attorney fees will be paid to Plaintiff's attorney, John Haapala, dependent on verification that Plaintiff has no debt which qualifies for offset against the awarded fees and costs, pursuant to the Treasury Offset Program as discussed in *Astrue v.*

4 - OPINION AND ORDER

*Ratliff*, 130 S. Ct. 2521 (2010).  If Plaintiff has no such debt, then the fees shall be delivered by check made out to Plaintiff's attorney and mailed to Plaintiff's attorney's office as follows: 401 E. Tenth Avenue, Suite 240, Eugene, Oregon 97401.  If Plaintiff has a debt, then any remaining funds after offset of the debt shall be made to Plaintiff and sent by check mailed to Plaintiff's attorney's office at the address stated above.

IT IS SO ORDERED.

DATED this 15th day of November, 2021.

_____
ANNA J. BROWN
United States Senior District Judge

5 - OPINION AND ORDER